# Exhibit C

CAUSE NO. 2020-49549

| | | |
|---|---|---|
| YOUNAS CHAUDHARY | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ADT LLC | § | |
| | § | |
| Defendant | § | 157th JUDICIAL DISTRICT |

## CHAUDHARY'S AMENDED PETITION AND REQUEST FOR DISCLOSURES

Plaintiff Younas Chaudhary ("Chaudhary") files this Amended Petition and Request for Disclosures against Defendant ADT LLC ("ADT") and would respectfully show the Court as follows:

### DISCOVERY PLAN

1. Chaudhary intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### RULE 47 STATEMENT

2. Chaudhary seeks monetary relief in excess of $100,000 but not more than $200,000.

### PARTIES

3. Plaintiff Younas Chaudhary is an individual residing in Harris County, Texas.

4. Defendant ADT LLC is a Delaware limited liability company headquartered in Palm Beach County, Florida. It can be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

1

6. This Court has jurisdiction over ADT because ADT conducts numerous and continuous transactions in Texas, including the transaction giving rise to this case.

7. Venue is proper in this Court pursuant to Texas Civil Practice and Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## FACTS

### I. ADT's Contractual Duties to Chaudhary Regarding the Inwood Property

8. Chaudhary resides in a house located at 3195 Inwood Drive, Houston, Texas 77019 (the "Inwood Property").

9. In August 2019, Chaudhary entered into an agreement with ADT. This agreement was formed in conversations between Steve Huryz and other representatives of ADT and Ali Hussain and other representatives of Chaudhary. Chaudhary himself was not involved in the discussions.

10. That agreement required ADT to provide security services and hardware for the Inwood Property, including the following specifications among others:

- ADT was to designate over 120 distinct security "zones" to match the designations in the home's previous security system. In addition, ADT was to add additional zones to correspond to areas where Chaudhary sought added security.

- ADT was to install a vocalized alarm system – that is, one that would speak instructions and reports audibly.

- ADT was to maintain most of the existing alarm sensors while installing additional new sensors as needed.

- ADT was to activate a laser security system for the exterior of the house.

- ADT was to ensure that the security system had four state-of-the-art keypads.

2

## II. ADT's Failures – September 2019

11. Over the succeeding weeks, ADT personnel worked at the Inwood Property and installed certain security-related equipment. The work was completed on September 18, 2019, and the total charged for this work was $7,806.29.

12. ADT did not perform these services properly, however. Among other mistakes, it installed fewer than half of the 120 security zones that it was required to have installed. When challenged on this failure, ADT admitted that the system it installed was inherently limited to around 50 zones. In other words, ADT's efforts were bound to fail from the outset.

13. Chaudhary's representatives raised ADT's failures with its representative, and ADT agreed to undo its defective work and install a new security system designed to match the specifications to which it had agreed.

## III. ADT's Failures – October 2019

14. ADT performed this second round of design and installation services in the following weeks and completed its work on October 31, 2019. For this work, ADT charged Chaudhary $7,438.56.

15. Again, however, ADT performed its work defectively. Among other issues, its system once again did not designate all the required zones. It also did not provide for vocalization functionality. And it did not include four state-of-the-art keypads.

16. In fact, as before, ADT's installation was doomed from the outset, because ADT installed a system that inherently could not support four keypads.

17. Therefore, the parties agreed once again that ADT would undo its defective work and install a new security system designed to match the specifications to which the parties had agreed.

### IV. ADT's Failures – November 2019

18. ADT completed this third installation in November 2019. But even after three separate attempts, ADT failed to install a security system that satisfied the specifications to which it had agreed. Specifically, the system still failed to provide for vocalization functionality.

19. When Chaudhary's representatives raised this issue with ADT, ADT attempted to remedy the problem by installing speakers, but those speakers did not work properly.

### V. The Vista 250 Security System

20. Chaudhary's representatives therefore raised their concerns with a previously-uninvolved ADT representative named Jeremy Weekley. Weekley readily acknowledged that ADT's system was defective and had no chance of matching the specifications to which it had agreed. Weekley advised that ADT should have installed the Vista 250 security system in Chaudhary's home.

21. Accordingly, yet again ADT removed its defective security system and installed a new system—this time, the Vista 250 security system. This security system finally worked, though it still did not provide for activation of Chaudhary's laser hardware.

### VI. ADT's Improper Charges

22. On completion of this work, ADT billed Chaudhary approx. $48,000. In other words, ADT billed Chaudhary not only for the Vista 250 hardware and installation, but also for all the hardware and labor involved in its repeated failed attempts and deinstallations.

23. Chaudhary objected to this exorbitant charge, to which he had never agreed. Nevertheless, ADT unilaterally billed Chaudhary's credit card on file for the full amount.

24. Chaudhary repeatedly complained of this billing and demanded an explanation and refund. ADT refused even to respond.

## VII. ADT's Breaches Concerning the Del Monte Property

25. Chaudhary formerly resided in a house located at 3834 Del Monte Drive, Houston, Texas 77019 (the "Del Monte Property").

26. Chaudhary hired ADT to provide security services at the Del Monte Property. For these services, ADT charged Chaudhary a fee of $56.95 per month. ADT processed these charged by automatically charging Chaudhary's credit card, which it kept on file.

27. Chaudhary moved out of the Del Monte Property October 2019, whereupon he told ADT that he was canceling his security services. Nevertheless, ADT continued to improperly charge Chaudhary's credit card.

28. In May 2020, Chaudhary sold the Del Monte property and accordingly told ADT again that the security services were to be terminated. Nevertheless, ADT continued to improperly charge Chaudhary's credit card.

29. In short, in disregard of Chaudhary's instructions, and without authorization, ADT has improperly charged Chaudhary's credit card $56.95 per month for over a year. And it continues to do so.

## CAUSES OF ACTION

### I. Breach of Contract

30. Chaudhary incorporates the above paragraphs as if fully set forth herein.

31. Chaudhary and ADT have a valid and existing contract for security services at the Inwood Property.

32. Chaudhary performed, tendered performance of, or was excused from performing his contractual obligations. All conditions precedent to the contract have been performed by Chaudhary.

33. ADT breached the terms of the contract by failing to perform its obligations, including without limitation by repeatedly installing and then deinstalling security systems that did not—and could not—match the specifications to which it had agreed.

34. As a result of ADT's failures to comply with the contract, Chaudhary has been damaged, and ADT is liable for this damage.

## II. Fraud

35. Chaudhary incorporates the above paragraphs as if fully set forth herein.

36. ADT made a material misrepresentation when it agreed to provide a specified security system for Chaudhary at the Inwood Property without the intention and/or ability to supply the promised system. In other words, ADT made a promise of future performance without a present intent to perform.

37. ADT made this material representation knowing that it was false.

38. ADT made the material representation that the intent that Chaudhary should act based upon it.

39. Chaudhary relied on ADT's material representation.

40. Chaudhary was damaged by ADT's material misrepresentation and is entitled to actual and exemplary damages based on ADT's material misrepresentation.

## III. Money Had and Received

41. Chaudhary incorporates the above paragraphs as if fully set forth herein.

42. Chaudhary owns the line of credit associated with his credit card.

43. Starting in October 2019 and continuing to the present day, ADT has charged $56.95 per month against that line of credit for purported security services at the Del Monte Property.

44. ADT has taken these funds without authorization or other legal right, because Chaudhary canceled his security services in October 2019 and again in May 2020.

45. In equity and good conscience, these funds should be returned to Chaudhary.

## IV. Attorney Fees

46. Chaudhary has asserted a meritorious claim for breach of contract against ADT.

47. Pursuant to Texas Civil Practice & Remedies Code §38.001, Chaudhary is entitled to recover his reasonable and necessary attorney fees incurred in prosecuting that claim.

### REQUEST FOR DISCLOSURE

48. Under Texas Rule of Civil Procedure 194, Chaudhary requests ADT to disclose, within 30 days after service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(i).

### RULE 193.7 NOTICE

49. Chaudhary hereby provides notice under Texas Rule of Civil Procedure 193.7 that it may use in this litigation any and all documents produced by ADT.

### CONDITIONS PRECEDENT

50. Chaudhary has met all conditions precedent to filing this suit, or they have otherwise been waived.

### PRAYER FOR RELIEF

51. As a result of the foregoing, Plaintiff Younas Chaudhary respectfully prays for the following relief:

   a. that the Court grant and enter judgment in favor of Chaudhary on all of his claims;

   b. that the Court award Chaudhary actual damages;

   c. that the Court award Chaudhary exemplary damages;

   d. that the Court award Chaudhary reasonable attorney fees and costs;

e. that the Court award Chaudhary pre-judgment and post-judgment interest; and

f. that the Court award Chaudhary all other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

*/s/ Raj Duvvuri*
Raj Duvvuri
Texas Bar No. 24054185
1900 St. James Place, Suite 800
Houston, Texas 77056
Tel: (713) 806-3735
raj.duvvuri@atlasoperating.com

**ATTORNEY FOR YOUNAS CHAUDHARY**